ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| AMAZON CONTENT SERVICES LLC; COLUMBIA PICTURES INDUSTRIES, INC.; DISNEY ENTERPRISES, INC.; NETFLIX US, LLC; NETFLIX WORLDWIDE ENTERTAINMENT, LLC; PARAMOUNT PICTURES CORPORATION; SONY PICTURES ANIMATION INC.; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; WARNER BROS. ENTERTAINMENT INC., <br> Plaintiffs, <br><br> vs. <br><br> WILLIAM FREEMON; FREEMON TECHNOLOGY INDUSTRIES LLC; <br> Defendants. | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:24-cv-733 <br><br> JURY TRIAL DEMANDED |

### DEFENDANT'S REQUEST FOR RULING ON PENDING MOTIONS

TO THE HONORABLE COURT:

Defendant, **William Freemon**, respectfully submits this **Request for a Ruling on Pending Motions**, citing the significant delay in the resolution of critical motions that directly impact the progression of this case. The motions currently pending before the Court include:

1. **Defendant's Motion to Dismiss**, filed **November 22, 2024**;
2. **Plaintiffs' Motion for Default Judgment**, filed **December 5, 2024**; and
3. **Defendant's Motion to Strike**, filed **February 10, 2025**.

## I. A Ruling on the Motion to Dismiss is Necessary Before Default Judgment Can Be Considered

The **Motion to Dismiss, filed on November 22, 2024, has been pending for over three months** with no ruling. Plaintiffs' **Motion for Default Judgment, filed December 5, 2024, is premature** and should not be considered while a dispositive motion that challenges the viability of Plaintiffs' claims remains unresolved. The Court's ruling on the Motion to Dismiss is essential to determine whether Plaintiffs' claims can proceed at all. A failure to resolve this threshold issue before ruling on default judgment would create **procedural and substantive prejudice** against Defendant.

## II. The Motion to Strike Must Be Decided Before Default Judgment Can Be Considered Against Freemon Technology Industries LLC

Plaintiffs have requested default judgment, in part, based on the claim that **Freemon Technology Industries LLC failed to respond to the complaint.** However, Defendant's **Motion to Strike, filed February 10, 2025, challenges the inclusion of Freemon Technology Industries LLC in this lawsuit.** A ruling on this motion **must precede** any consideration of default judgment against the business entity. If the Court grants the Motion to Strike, Plaintiffs' basis for default judgment would no longer be valid. Allowing a default judgment ruling to proceed without first addressing the legitimacy of the business's inclusion would be **procedurally improper and highly prejudicial.**

## III. Plaintiffs' Delay Tactics and Procedural Gamesmanship

Plaintiffs have engaged in **deliberate procedural tactics** that continue to **stall the resolution of this case** while leaving their Motion for Default Judgment pending. These tactics include:

1. **Deliberate delays in filing their own Joint Rule 26(f) Report** while simultaneously demanding that Defendant withdraw his, further slowing litigation progress.
2. **Refusal to engage in structured settlement discussions**, including rejecting multiple settlement offers without providing counteroffers or clarifying their positions using the structured settlement chart.
3. **Frivolous and speculative claims**, such as their assertion that payments to an account named "$ftindustries" are evidence of payments to Freemon Technology Industries LLC. Plaintiffs have provided no supporting evidence for this claim, despite numerous **legitimate businesses operating under the name "FT Industries" across multiple states.** Their reliance on such speculative reasoning demonstrates their broader strategy of advancing weak claims to prolong litigation rather than engaging in meaningful resolution.

## IV. Defendant Will Suffer Prejudice If a Ruling on Pending Motions is Further Delayed

The **continued delay in ruling on these motions is prejudicial to Defendant** and **hinders his ability to properly defend himself.** Plaintiffs have taken advantage of this delay to push forward their **default judgment request while avoiding accountability for their own delays in discovery and trial preparation.** Further delay will:

1. **Prevent Defendant from obtaining clarity on the status of the claims against him and his business;**
2. **Allow Plaintiffs to continue leveraging procedural tactics to prolong the litigation;** and
3. **Unfairly disadvantage Defendant in preparing for trial and future proceedings.**

## V. Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court:

1. **Issue a ruling on Defendant's Motion to Dismiss (filed November 22, 2024) before considering Plaintiffs' Motion for Default Judgment.**
2. **Issue a ruling on Defendant's Motion to Strike (filed February 10, 2025) before considering any request for default judgment against Freemon Technology Industries LLC.**
3. **Clarify the status of these pending motions to ensure that litigation progresses fairly and efficiently.**

Defendant further requests that the Court **reject any further procedural attempts by Plaintiffs to delay resolution of these motions**, as such delays are being used to Plaintiffs' strategic advantage rather than serving a legitimate purpose in advancing this litigation.

Dated: February 24, 2025


Respectfully submitted,

>*/s/ William Freemon*
>William Freemon , Pro Se
>1528 Meadow Valley Lane
>Dallas, Texas 75232
>williamfreemon@gmail.com
>817 300-9702 – Telephone

3