UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMAZON CONTENT SERVICES LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM FREEMON, *et al.*,<br><br>Defendants. | Civil Action No. 3:24-CV-00733-L |

## PLAINTIFFS' RESPONSE TO
## DEFENDANT FREEMON'S REQUEST FOR STATUS CONFERENCE

Plaintiffs respectfully submit this brief in response to Defendant William Freemon's Request for Status Conference (ECF No. 54) (hereinafter "Request").

## INTRODUCTION

In what has become a pattern of serial filings that waste time and judicial resources, Mr. Freemon has filed yet another frivolous "request" misrepresenting the procedural history of this case and making baseless accusations of delay—when it is Mr. Freemon who refuses to participate in discovery or comply with this Court's orders and the Federal Rules of Civil Procedure. Plaintiffs welcome the Court setting a status conference in this matter, but oppose Mr. Freemon's motion to the extent he misrepresents the basic facts of this case.

## BACKGROUND

Plaintiffs' Complaint seeks relief against William Freemon, a prolific copyright infringer with a long history of blatant infringement of Plaintiffs' copyrighted works. *See* ECF No. 1 ("Compl.") ¶¶ 31–69. After Mr. Freemon initially evaded service of the Complaint (*see* ECF Nos. 12–13), the Court ordered alternative service (ECF No. 17), which Plaintiffs

– 1 –

effectuated on June 20, 2024 (ECF No. 18).  Mr. Freemon then filed a procedurally defective Answer on behalf of himself and Freemon Technology Industries LLC ("FTI LLC").  *See* Stricken Answer, ECF No. 19.  The Court struck Mr. Freemon's Answer because a corporation may not proceed pro se, and gave Defendants until October 11, 2024 to file amended answers (and retain counsel on behalf of FTI LLC). *See* ECF No. 24.

Mr. Freemon failed to file an amended answer or retain counsel for FTI LLC as ordered by the Court.  When more than a month had passed since the Court's deadline with no further action from Mr. Freemon, Plaintiffs filed an Application for the Entry of Default on November 14, 2024.  *See* ECF No. 25.  To date, Mr. Freemon and FTI LLC have neither filed Answers nor sought relief from the Court following their failure to comply with the Court's Order.  On March 31, 2025, the Clerk of Court recognized that Mr. Freemon and FTI LLC "failed to answer or otherwise defend as directed within the time allowed," and entered default against all Defendants.  *See* Clerk's Entry of Default, ECF No. 55.

While Plaintiffs' Application for default was pending, Mr. Freemon suddenly reappeared in the action and began filing a series of baseless, procedurally improper filings. Mr. Freemon first filed a "response" to Plaintiffs' application for default (ECF No. 26), to which Plaintiffs replied (ECF No. 28), explaining the reasons why the Court should enter default against Mr. Freemon regardless of his re-appearance in the case—such as his ongoing, willful violation of the Court's Order.  This prompted Mr. Freemon to file an improper surreply styled as a second "response" (ECF No. 31).  He then filed: (1) an untimely motion to dismiss (ECF No. 27), which Plaintiffs opposed (ECF No. 30); (2) an untimely motion to strike on behalf of FTI LLC (ECF No. 34)—despite this Court's clear directive that Mr. Freemon as a pro se litigant could not file documents on behalf of a corporate entity like FTI

LLC—along with; (3) a motion to "expedite[] consideration" of his motion to strike (ECF No. 35), both of which Plaintiffs opposed (ECF Nos. 39, 48); (4) a "Motion for a Preliminary Scheduling Order" (ECF No. 44) in which he unilaterally filed a Rule 26(f) Report, falsely representing that Plaintiffs had signed the document, leading Plaintiffs to file a corrected Rule 26(f) Report (ECF No. 43) and oppose his motion (ECF No. 50); and (5) a "Request for Ruling on Pending Motions" (ECF No. 45), which Plaintiffs also opposed (ECF No. 52).

Mr. Freemon has now filed the instant "Request for Status Conference." ECF No. 54. He did not give any notice to Plaintiffs of his intent to file this Motion, nor did he request to meet and confer.[1]

## ARGUMENT

Should the Court order a conference, Plaintiffs would welcome the opportunity to advise the Court on the status of this litigation.

Plaintiffs submit this response brief to address Mr. Freemon's current default status and Mr. Freemon's misrepresentations of the procedural history and facts of this case.

*First*, Mr. Freemon contends that he has "made every effort to move this case forward" (Request at 1)—failing to mention that he evaded service of the complaint (delaying the commencement of this litigation for months, *see* ECF No. 13) and then, after he filed a procedurally defective answer, did not comply with the Court's deadline for retaining counsel for FTI LLC and filing amended answers, *see* ECF No. 24. As Plaintiffs set forth in detail in their Application for Default and supporting Reply, Mr. Freemon and FTI LLC have been in

---

[1] For this reason, Mr. Freemon's Request violates the Local Rules and can be denied on that basis alone. *See* L.R. 7.1(a), (b)(2)–(3); *CHU de Quebec - Universite Laval v. Dreamscape Dev. Grp. Holdings, Inc.*, 2023 WL 2695092, at *3 (E.D. Tex. Mar. 29, 2023) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

default since October 11, 2024, based on their failure to file amended answers as ordered by this Court. *See* ECF Nos. 25, 28; *see also* Order, ECF No. 24 at 3 ("Failure of any Defendant to comply with this order or failure to request an extension of these deadlines before their expiration may result in the court imposing appropriate sanctions such as the striking of pleadings/defenses or the entry of default.").[2] On March 31, 2025, the Clerk of Court granted Plaintiffs' Application and entered default against all Defendants. *See* Clerk's Entry of Default, ECF No. 55. Mr. Freemon's recent strategy of flooding the Court with baseless motions only serves to further obstruct and delay this litigation.

*Second*, Mr. Freemon baselessly accuses Plaintiffs of delaying this litigation by "strategically filing last-minute responses to reset the clock and prevent the Court from timely reviewing pending motions." Request at 2. Plaintiffs have consistently adhered to the 21-day deadline for filing oppositions under the Federal Rules of Civil Procedure and Local Rule 7.1(c). These Rules are an essential procedural safeguard designed to give parties sufficient time to prepare thorough responses and ensure that both sides have a fair opportunity to present their arguments. Nothing about Plaintiffs' legitimate use of the time provided under the Rules "reset[s] the clock" or prevents this Court from timely reviewing pending motions.

*Third*, Mr. Freemon's additional accusations of delay are clearly unfounded. Mr. Freemon contends that Plaintiffs are intentionally delaying the case to avoid litigating on the merits. Plaintiffs, however, have filed a well-pleaded Complaint setting forth detailed factual allegations establishing Mr. Freemon's willful infringement, in addition to submitting ample evidence on the docket in support of their claims, *see e.g.*, ECF No. 14-1; *see also* ECF No. 30

---

[2] As the Clerk of Court recognized, all Defendants (including Mr. Freemon) are in default. *See* ECF No. 55. This Opposition is not a waiver of Plaintiffs' position that Mr. Freemon remains in default despite his recent flurry of procedurally improper filings. *See* ECF Nos. 25, 28.

(Pls.' Opp. to Mot. to Dismiss).  Plaintiffs have also diligently attempted to move this litigation forward, as detailed in Plaintiffs' oppositions to Mr. Freemon's motion for a preliminary scheduling order (ECF No. 50) and motion to compel (ECF No. 32).  These efforts include serving discovery (to which Mr. Freemon failed to timely respond or produce any documents); meeting and conferring with Mr. Freemon in Dallas, Texas; and sending Mr. Freemon a draft joint Rule 26(f) report (to which he refused to respond for over four months before filing an unauthorized, incorrect report that Plaintiffs had to correct.)  *See* ECF No. 50 at 2–3; ECF No. 32 at 5–7; ECF No. 43 (amended Joint Rule 26(f) Report).  Finally, Plaintiffs are not using "procedural delays . . . to obstruct justice and unduly prejudice a party."  Request at 2.  There have been no delays, as set forth in this brief, and Mr. Freemon identifies no prejudice.  To the extent Mr. Freemon is referring to Plaintiffs raising the "well-settled rule of law that a corporation cannot appear in federal court unless represented by a licensed attorney," *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (per curiam), this Court has already resolved the issue: "Mr. Freemon, who is not a licensed attorney, cannot represent FTI or any other entity Defendant in this litigation or file any documents on their behalf."  Order, ECF No. 24 at 2.; *see also* ECF No. 48 (Pls.' Opp. to Mot. to Strike).

## CONCLUSION

Plaintiffs welcome any opportunity to advise the Court on the status of this case. Plaintiffs submit this brief to correct Mr. Freemon's misrepresentations of the basic facts and procedural history of this case.

Dated:    April 4, 2025

Respectfully,

**ROSE LEDA EHLER**
Cal. State Bar No. 296523
(admitted *pro hac vice*)
Rose.Ehler@mto.com
**LORRAINE L. ABDULAHAD**
Cal. State Bar No. 349971
(admitted *pro hac vice*)
Lorraine.Abdulahad@mto.com

**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

**JEFFREY S. LOWENSTEIN**
Texas Bar No. 24007574
jlowenstein@bellnunnally.com
**BRENT A. TURMAN**
Tex. State Bar No. 24077506
bturman@bellnunnally.com
**CHRISTIAN COWART**
Texas Bar No. 24105748
ccowart@bellnunnally.com

**BELL NUNNALLY & MARTIN LLP**
2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
Telephone:    (214) 740-1400
Fax:    (214) 740-1499

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that, on April 4, 2025, the foregoing document has been filed unsealed with the Clerk via the Court's CM/ECF system and served to William Freemon via e-mail and to Defendants via certified mail at 1528 Meadow Valley Lane, Dallas, Texas 75232 per Rule 5(b).

**CHRISTIAN COWART**