IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMAZON CONTENT SERVICES, LLC, ET AL., | § § | |
| PLAINTIFFS, | § § | |
| v. | § § | CASE NO. 3:24-CV-733-L-BK |
| WILLIAM FREEMON, II, ET AL., DEFENDANTS. | § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Standing Order of Reference*, Doc. 36, this case was referred to the United States magistrate judge for pretrial management, including the issuance of findings and a recommended disposition when appropriate. Before the Court is *Defendant's Motion to Dismiss Plaintiffs' Complaint*, Doc. 27. Upon review, the motion should be **DENIED**.

**I. BACKGROUND**

In this copyright infringement case, Plaintiffs—producers and distributors of filmed entertainment in the theatrical and home entertainment industry—allege that Defendant William Freemon and his company, Freemon Technology Industries LLC (collectively, "Freemon") operate "an extensive and commercially scaled network of illegal streaming services that offers unauthorized access to live channels and video-on-demand streams of Plaintiffs' copyrighted movies and TV shows." Doc. 1 at 2. Plaintiffs bring claims for direct and secondary copyright infringement under the Copyright Act (17 U.S.C. § 101 et seq.) against Freemon and the various websites and domains he allegedly uses to offer the infringing services. Doc. 1 at 23-28.

## II. LEGAL STANDARD

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To overcome a Rule 12(b)(6) motion, a plaintiff's "complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Twombly*, 550 U.S. at 572. Nevertheless, a complaint should not simply contain conclusory allegations but must be pled with a certain level of factual specificity, and the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citation and quotation omitted).

## III. ANALYSIS

Freemon, proceeding *pro se*, has filed a two-page motion to dismiss, which, even construed liberally, is merely a list of conclusory assertions, devoid of content. *See* Doc. 27. As Plaintiffs correctly note in their response, "Freemon's *pro se* status cannot excuse his noncompliance with procedural rules or his complete failure to provide any factual or legal support for his conclusory arguments." Doc. 30 at 13. *See Baughman v. Hickman*, 935 F.3d 302, 312 (5th Cir. 2019) ("Although we liberally construe briefs of *pro se* litigants and apply less stringent standards . . . *pro se* parties must still brief the issues[.]") (citation omitted); *Arellano v. Withers*, No. 22-60525, 2023 WL 4311621, at *1 (5th Cir. July 3, 2023) (per curiam) (rejecting *pro se* party's conclusory arguments) (citing *Abram v. McConnell*, 3 F.4th 783, 787 (5th Cir.

2021)).

Further, insofar as Freemon contends that Plaintiffs lack sufficient evidence to prove their claims, *see* Doc. 27 at 2, at the Rule 12(b)(6) stage, the Court must "accept[] all well-pleaded facts as true," regardless of whether the plaintiff is, at that time, in possession of evidence supporting all allegations. *Gonzalez v Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

### IV. CONCLUSION AND RECOMMENDATION

*Defendant's Motion to Dismiss* is conclusory and, even construed liberally, presents no adequate basis to challenge whether Plaintiffs have stated a claim for relief that is plausible on its face, *Twombly*, 550 U.S. at 570. For these reasons, *Defendant's Motion to Dismiss Plaintiffs' Complaint*, Doc. 27, should be **DENIED**.

**SO RECOMMENDED** on August 11, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).