IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMAZON CONTENT SERVICES LLC; COLUMBIA PICTURES INDUSTRIES, INC.; DISNEY ENTERPRISES, INC.; NETFLIX US, LLC; NETFLIX WORLDWIDE ENTERTAINMENT, LLC; PARAMOUNT PICTURES CORPORATION; SONY PICTURES ANIMATION INC.; UNIVERSAL CITY STUDIOS PRODUCTION LLLP; and WARNER BROS ENTERTAINMENT, INC., <br><br>    Plaintiffs, <br><br>v. <br><br>WILLIAM FREEMON, II; FREEMON TECHNOLOGY INDUSTRIES, LLC; INSTANTIPTV.NET; STREAMINGTVNOW.NET; TVNITRO.NET; CASHAPPIPTV.COM; LIVETVRESELLERS.COM; STNCLOUD.LTD; and STNLIVE.LTD, <br><br>    Defendants. | Civil Action No. **3:24-CV-733-L-BK** |

## **ORDER**

On February 24 and 25, 2026, the United States Magistrate Judge entered the following Findings, Conclusions and Recommendations (collectively, "Reports"):

(1) Report No. 1 (Doc. 116), recommending that the court deny Defendant's Motion to Set Aside Clerk's Entry of Default (Doc. 83), filed by William Freemon, II ("Mr. Freemon");

(2) Report No. 2 (Doc. 117), recommending that the court deny Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Due to Lack of Standing (Doc. 87), filed by Mr. Freemon; and

Order – Page 1

(3) Report No. 3 (Doc. 118), recommending that the court grant Plaintiffs' Motion for Default Judgment against All Defendants (Doc. 75).

On March 9, 2026, Mr. Freemon, who is proceeding pro se, filed objections to all three Reports. The court addresses Mr. Freemon's objections to each Report below, and, for the reasons herein explained, the court **accepts** the Reports and **overrules** his objections.

I.      Report No. 1 (Doc. 116)

The magistrate judge recommends that the court deny Mr. Freemon's Motion to Set Aside Clerk's Entry of Default (Doc. 83) in light of his repeated failure to file an amended complaint as ordered despite being aware of the consequences of his noncompliance, which conduct the magistrate judge concludes was willful because Mr. Freemon does not dispute that he had actual notice of the court's order (Doc. 24), he fails to offer any explanation for his failure to comply with the court's order, and the record does not support his assertion that he acted expeditiously in attempting to cure his failure to comply with the court's order or set aside the clerk's entry of default. The magistrate judge also agreed with Plaintiffs' argument that Mr. Freemon's prolonged delay in moving to set aside the clerk's entry of default stands in stark contrast to his extensive activity in this action during the same time. The magistrate judge, therefore, determined that, even resolving all doubts in Mr. Freemon's favor, he "failed to demonstrate that his failure to file an amended appearance in this action was the result of excusable neglect, rather than willful default, which is alone sufficient to justify the denial of relief," and "[a]lthough a finding of willfulness is enough to end the inquiry, [Mr.] Freemon's failure to proffer a meritorious defense also supports a finding that no good cause exists to set aside the default." Doc. 116 at 8 & n.3 (citation omitted).

In the title of Mr. Freemon's objections, he indicates that he is objecting to all three Reports (Docs. 116, 117, 118); however, the body of his objections contain no objections to Report No. 1

(Doc. 116) or the recommended denial of his Motion to Set Aside Clerk's Entry of Default (Doc. 83). Accordingly, he **waived** any objections he may have had to this Report. The court also notes that it finds no error in this Report or recommendation. The court will, therefore, deny this motion by Mr. Freemon as recommended by the magistrate judge.

**II.     Report No. 2 (Doc. 117)**

The magistrate judge next recommends that the court deny the Motion to Dismiss for Lack of Subject Matter Jurisdiction Due to Lack of Standing (Doc. 87) because, contrary to Mr. Freemon, Plaintiffs have adequately connected him to the infringing activity at issue and demonstrated the requisite concrete or particularized injury that is traceable to him. Doc. 117 at 5 (citations omitted). The magistrate judge further determined that, "even absent evidence linking [Mr.] Freemon to the back-end domains, Plaintiffs would still have standing because they assert both direct and secondary copyright claims." *Id*. at 10.

As noted, the title of Mr. Freemon's objections indicates that he is objecting to all three Reports (Docs. 116, 117, 118). The body of his objections, however, does not contain any objection to Report No. 2 (Doc. 117) or the recommended denial of his Motion to Dismiss for Lack of Subject Matter Jurisdiction Due to Lack of Standing (Doc. 87).* Accordingly, he **waived** any objections he may have had to this Report. The court also notes that it finds no error in this Report or recommendation. The court will, therefore, deny this motion by Mr. Freemon as recommended by the magistrate judge.

---

* Although Mr. Freemon references Doc. 117 in the body of his objections, he does so merely for purposes of objecting to the magistrate judge's recommendation that the court grant Plaintiffs' Motion for Default Judgment that is addressed in Doc. 118. The court addresses his arguments with respect to this recommendation in the section of this order dealing with Report No. 3 (Doc. 118).

**Order – Page 3**

### III.    Report No. 3 (Doc. 118)

The magistrate judge finally recommends that the court grant Plaintiffs' Motion for Default Judgment against All Defendants (Doc. 75).  The magistrate judge first notes with respect to the Domain Defendants that, although Plaintiffs also named the websites and domains allegedly used by Mr. Freemon to offer infringing services in this action, Plaintiffs' Motion for Default Judgment seeks default judgment only against Mr. Freemon and Freemon Technology Industries, LLC ("FTI LLC"). Doc. 118 at 3 & n.1.  In this regard, the magistrate judge also notes that Plaintiffs contend that "[Mr.] Freemon and FTI LLC retain control over the identified domains and services, and the [magistrate judge] has found that [Mr.] Freemon has not effectively disputed that contention." *Id.* The magistrate judge, therefore, recommends that the court dismiss this action against the Domain Defendants, as any relief against them would be duplicative of the relief awarded against Mr. Freemon and FTI LLC.

The magistrate judge determined that Plaintiffs are entitled to default judgment against Mr. Freemon and FTI LLC ("Defaulting Defendants") because default judgment is procedurally warranted; and Plaintiffs' pleadings provide a sufficient basis for entry of default judgment. The magistrate judge also determined that Plaintiffs are entitled to recover the maximum amount of statutory damages under the Copyright Act because the Defaulting Defendants' infringement was willful and likely profited handsomely at Plaintiffs' expense "[g]iven the extensive and ongoing nature of [their] willful infringement." *Id.* at 16. The magistrate judge, therefore, determined that Plaintiffs are entitled to and "should be awarded $150,000 per copyrighted work under 17 U.S.C. § 504(c)(2), and [Defaulting] Defendants should be ordered to pay the total amount of $18,750,000 in statutory damages." Doc. 118 at 17.  In addition to monetary damages, the magistrate judge concluded that Plaintiffs' request for a permanent injunction should be granted because they

satisfied all of the requirements for a permanent injunction and the terms of their requested permanent injunction is narrowly tailored to remedy their specific harms and prevent future infringement. Finally, the magistrate judge determined that Plaintiffs should be awarded postjudgment interest at the applicable federal rate, and Plaintiffs are entitled to recover the reasonable attorney's fees that they incurred in this action in an amount to be determined by postjudgment motion.

Mr. Freemon's objections focus on the correctness of the magistrate judge's recommendation that Plaintiffs are entitled to default judgment. In this regard, he contends that there is not a sufficient factual basis linking him to ownership or operation of the IPTV services, including the services identified by Plaintiffs as Streaming TV Now and TV Nitro, which Plaintiffs allege that he owned or operated. Mr. Freemon contends that the magistrate judge's recommendation relies on "inference rather than evidentiary proof." Doc. 121 at 2. He, therefore, argues that, "[b]ecause default judgment requires a sufficient factual basis linking the defendant to the alleged conduct, the absence of documentary evidence connecting [him] to the operation of the accused services or associated domains prevents entry of judgment under the standard articulated in *Nishimatsu*." *Id.* at 2 (cleaned up). Mr. Freemon similarly asserts that Plaintiffs were required but failed to demonstrate traceability via evidence rather than their pleadings, and the magistrate judge's recommendation incorrectly relies on allegations rather than evidence.

The court **overrules** these objections, which appear to be based on a misapprehension of the legal standard applicable to motions for default judgment. Mr. Freemon, by failing to answer or otherwise respond to Plaintiffs' Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). While a

"defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law," he may not contest the "sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted).  Having admitted the allegations in the Complaint, the only issue for the court to decide is the sufficiency of such allegations, not whether Plaintiffs have come forward with evidence to support their copyright infringement claim.  As indicated, the magistrate judge determined that the pleadings present a "sufficient basis" for relief warranting entry of default judgment on Plaintiffs' copyright infringement claim. In making this determination, the magistrate judge also correctly noted that, "[u]nder this standard, [the] plaintiff's factual allegations, taken as true, "need only be enough to raise a right to relief above a speculative level." *Wooten*, 788 F.3d at 498 (citation omitted). As the court finds no error in the legal standard applied by the magistrate judge or the way in which the magistrate judge applied that standard to pleadings in this case in recommending that Plaintiffs are entitled to entry of default judgment against Mr. Freemon, it **overrules** these objections.

Mr. Freemon next objects, contending that the evidence in this case does not support an award of statutory damages because the magistrate judge's recommendation references "'representative works,' but statutory damages under 17 U.S.C. § 504(c) must be supported by record evidence linking each work to the alleged infringement," and the magistrate judge "does not identify evidence showing that any specific copyrighted work was transmitted through a domain attributable to [him]." Doc. 121 at 5.  Mr. Freemon, therefore, asserts that, [b]ecause the [magistrate judge's recommendation] does not identify evidence linking the listed works to specific infringing transmissions attributable to [him], the damages calculation lacks the factual basis required under *Nishimatsu*." *Id.* (cleaned up).

Order – Page 6

This objection fails for the same reason his prior objections fail because, as explained, whether Plaintiffs are entitled to default judgment turns on the sufficiency of their pleadings, not whether they have come forward with evidence to support their claims. Accordingly, this objection is **overruled**.

Finally, Mr. Freemon objects, arguing that the magistrate judge erred in recommending the imposition of a permanent injunction against him. Specifically, he asserts: "Under *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), a permanent injunction requires a showing of actual success on the merits and proof of irreparable harm. Because the record fails to establish a sufficient factual basis for liability, the required elements for injunctive relief have not been demonstrated." Doc. 121 at 5 (cleaned up).

The magistrate judge noted as follows regarding the legal standard applicable to Plaintiffs' request for permanent injunction:

> Under 17 U.S.C. § 502(a), a court has the power to grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 790 (5th Cir. 1999) (quoting 17 U.S.C. § 502(a)). To obtain a permanent injunction in copyright cases, the plaintiff must show: "(1) actual success on the merits; (2) no adequate remedy at law; (3) that the threatened injury outweighs any damage to the defendant; and (4) the injunction will not disserve the public interest." *Arista Records, Inc. v. Kabani*, No. 3:03-CV-1191, 2004 WL 884445, at *4. (N.D. Tex. Apr. 23, 2004) (Sanders, J.) (citing *DSC Comm'ns Corp. v. DGI Tech. Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)).

Doc. 118 at 18. Having already determined that the pleadings in this case provide a sufficient basis for liability with respect to Plaintiffs' copyright claim, Mr. Freemon's argument that Plaintiffs have not demonstrated actual success on the merits necessarily fails. Additionally, contrary to Mr. Freemon's argument, Plaintiffs were not required to provide "proof of irreparable harm." They were only required to show that "the threatened injury outweighs any damage to the defendant." Doc. 118 at 18. The magistrate judge determined that there was no indication that Mr. Freemon or

**Order – Page 7**

FTI LLC would suffer any harm from a permanent injunction that prevents their continued unlawful infringement. Finding no error, the court **overrules** these objections by Mr. Freemon.

## IV. Conclusion

Having considered the parties' Motions, the briefs, the pleadings, record in this case, and Report, and having conducted a de novo review of the portions of the Reports objected to by Mr. Freemon, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **overrules** Mr. Freemon's objections for the reasons explained and rules as follows:

(1) Defendant's Motion to Set Aside Clerk's Entry of Default (Doc. 83) is **denied**;

(2) Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Due to Lack of Standing (Doc. 87) is **denied**;

(3) Plaintiffs' Motion for Default Judgment against Mr. Freemon and FTI LLC (Doc. 75) is **granted**; and

(4) any and all relief against remaining Domain Defendants is **dismissed with prejudice** as duplicative of the relief awarded against Mr. Freemon and FTI LLC.

Plaintiffs are awarded **$18,750,000** in statutory damages against Mr. Freemon and FTI LLC. Postjudgment interest will apply to this amount and will be calculated from the date judgment is entered at the applicable federal rate of **3.51%** until paid in full. The court **defers** ruling on any request by Plaintiffs to recover attorney's fees and will decide this issue postjudgment upon the filing of a motion and supporting documentation in accordance with Federal Rule of Civil Procedure 54(d).

The court further **orders** that:

1. Mr. Freemon and FTI LLC, and all individuals who serve as their officers, agents, servants, employees and attorneys, and other persons who have notice of this injunction and are in privity with Mr. Freemon and FTI LLC and/or acting in active concert or participation with Mr. Freemon and FTI LLC, their officers, agents, servants employees or attorneys, are hereby **restrained and permanently enjoined** from:

   a. linking to, distributing, reproducing, copying, hosting, uploading, making available for download, indexing, displaying, exhibiting, publicly performing (including without limitation streaming, transmitting, or otherwise communicating to the public), or otherwise exploiting or making any use of any rights under the Copyright Act in any motion picture or other audiovisual work (or portion(s) thereof in any form), the rights to which Plaintiffs or their affiliates own or control ("Copyrighted Works");

   b. taking any action that directly or indirectly enables, facilitates, permits, assists, solicits, encourages or induces any user or other third party (i) to link to, distribute, reproduce, copy, host, upload, download, index, display, exhibit, publicly perform (including without limitation streaming, transmitting, or otherwise communicating to the public), or otherwise use or exploit in any manner any of Plaintiffs' Copyrighted Works or portion(s) thereof; or (ii) to make available any of Plaintiffs' Copyrighted Works or portion(s) thereof for linking to, distributing, reproducing, copying, hosting, uploading, downloading, indexing, displaying, exhibiting, publicly performing (including without limitation streaming, transmitting, or

  otherwise communicating to the public), or for any other use or means of exploitation;

 c. transferring or performing any function that results in the transfer of the registration of the domain name of instantiptv.net, streamingtvnow.com, streamingtvnow.net, tvnitro.net, cashappiptv.com, livetvresellers.com, stncloud.ltd, and stnlive.ltd (the "Infringing Domains") to any other registrant or registrar other than as identified by Plaintiffs; and

 d. assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a)-(c); and

2. To give practical effect to this permanent injunction, Mr. Freemon and FTI LLC, their assignees and/or successors-in-interest or title, and/or the domain name registrars are hereby **ordered** to **immediately transfer** the Infringing Domains to Plaintiffs' control. If the current registrars do not facilitate the transfer of the Infringing Domains to Plaintiffs' control within **five (5) days** of receipt of this Order and corresponding Default Judgment, upon Plaintiffs' request, Mr. Freemon and FTI LLC as Defaulting Defendants and the top level domain (TLD) registry for each of the Infringing Domains, or their administrators, including backend registry operators or administrators, **shall**, within **thirty (30) days**, (i) change the registrar of record for the Infringing Domains to a registrar of Plaintiffs' choosing, and that registrar shall transfer the subject domain names to Plaintiffs, or (ii) place the Infringing Domains on registry hold status for the life of the current registration, thus removing them from the TLD zone files maintained by the registries which link the Infringing Domains to the IP addresses where the associated websites are hosted.

3. Plaintiffs may complete service of process by e-mail for Defaulting Defendants.

In accordance with Rule 58 of the Federal Rules of Civil Procedure, a default judgment will issue by separate document.

**It is so ordered** this 11th day of March, 2026.

_____
Sam A. Lindsay
United States District Judge

Order – Page 11